UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Neiberger and Associates, a division of Sharden, Inc., a Minnesota corporation,

Plaintiff,

v.

Kasel Associates Industris, Inc., a Colorado corporation, a/k/a and d/b/a Kasel Associates, Inc., and Kasel Mechanical Services,

Defendants.

Court File No: 02-CV-70-JMR/FLN

**STIPULATED PROTECTIVE ORDER**

---

Each party believing that certain answers to interrogatories, responses made during depositions, and certain documents and things, which are or will be provided in response to discovery demands made by another party in this matter, might contain trade secrets or other confidential research, developments or commercial information within the meaning of Minnesota Rules of Civil Procedure; and,

Each party believing that unrestricted and/or unnecessary dissemination of such information would be to the irreparable harm of the party providing the discovery information;

IT IS NOW THEREFORE ORDERED, with the consent of the parties through their counsel, that dissemination of any such information obtained by discovery in this matter shall only be in accordance with the following terms and conditions:

AUG 0 5 2002
FILED
RICHARD D SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. The confidential information to be protected shall comprise trade secrets or other confidential research, development, or commercial information, which trade secrets or other information are viewed as confidential by the producing party;

2. Each party may designate documents and things produced by it, answers to interrogatories, and responses to other discovery demands, including deposition transcripts, or portions thereof, as CONFIDENTIAL to the extent that it believes such documents, things, answers and responses (hereinafter "CONFIDENTIAL MATERIALS") contain its trade secrets or other confidential research, development, or commercial information;

3. Except as specifically provided herein, such CONFIDENTIAL MATERIALS, including any words, substances, summaries, abstracts, or indices thereof, which are disclosed to attorneys representing each party in this matter in the course of discovery, will be held in confidence by said attorneys and not disclosed in any manner to anyone other than the DESIGNATED PERSONS, as hereinafter defined;

4. DESIGNATED PERSONS are:

a. Attorneys representing each party in this matter, (including in-house or other consulting counsel) plus necessary legal and clerical assistants employed by them;

b. Expert consultants retained for purposes of this litigation, as defined in paragraph 5, below, plus necessary clerical assistants;

c. The Judge assigned to this matter, personnel of the Court, court reporters who take and transcribe testimony, plus necessary clerical assistants;

d. Prior employees of the producing company who were employed by the producing company at the time the CONFIDENTIAL MATERIALS were created and who have had access to such CONFIDENTIAL MATERIALS as evidenced by the material itself in that it is either to, from, or copied to the prior employee. No copies of the CONFIDENTIAL MATERIALS shall be given to the prior employees for them to retain; and,

e. A designated officer or director of the party to whom the production is made. The designated officer or director must be identified to the producing party and must execute a copy of Attachment A, hereto.

5. The parties to this action recognize that counsel may wish to utilize the services of experts in trial preparation and/or trial of this action solely for the purposes of assisting counsel or testifying in this action. CONFIDENTIAL MATERIALS obtained from an opposing party may be disclosed to designated experts of each party, PROVIDED:

a. No expert has a consulting relationship, or any other kind of contractual relationship, during the pendency of this action ~~and for a period of two years following the close of discovery in this action~~, other than for the role of expert in this action, with the receiving party or any company or individual related thereto. This paragraph shall not at any time preclude the expert from full participation in professional, academic and/or technical societies, which societies are not in the business of providing services to and/or competing with either party

b. Prior to disclosing CONFIDENTIAL MATERIALS to each expert, the party proposing such disclosure shall provide opposing counsel with written notice of the name, address and current employment, if any, of each such expert; further, that no CONFIDENTIAL MATERIALS shall be disclosed to the proposed expert for a period of ten (10) days following notice, unless waived by the other party in writing; and,

c. Prior to disclosing CONFIDENTIAL MATERIALS to each expert, the party proposing such disclosure shall obtain and serve on opposing counsel a signed undertaking, which shall be in the form of Attachment A, annexed hereto, whereby such expert agrees to be bound by and comply with the terms of this Stipulated Protective Order; the original of each such signed document shall be retained by the disclosing counsel.

6. All documents filed or lodged with the Court that have been designated by either party as CONFIDENTIAL MATERIALS shall be filed in a sealed envelope or other appropriate sealed containers, on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope, the designation "CONFIDENTIAL" and the following

statement or its equivalent: This envelope containing documents which are filed in this matter by [NAME OF PARTY] is not to be publicly disclosed or revealed except by order of the Court.

7. This Protective Order shall not foreclose any of the parties from moving this Court for an order that materials designated CONFIDENTIAL MATERIALS are, in fact, not confidential. On such motion, the party asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by the Minnesota Rules of Civil Procedure and this order.

8. The authorization contained herein for each party to designate information as confidential is intended solely to facilitate the disposition of this matter, and such designation shall not be construed in any way as an admission or agreement by the party receiving CONFIDENTIAL MATERIALS that such materials constitute or contain confidential information. This Protective Order shall not prevent any of the parties from applying to the Court for relief there from, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modify or vacate this Protective Order, subject to the approval of the Court.

9. a. If counsel for a party believes that questions put to a witness being examined in a deposition will disclose confidential information, or that the answers to any question or questions require such disclosure, or if documents to be used as exhibits during the examination have been designated as CONFIDENTIAL MATERIALS, such counsel shall so notify opposing counsel and the reporter for such deposition. The deposition of such witness, or the portions thereof containing confidential information, shall then be taken only in the presence of counsel for the parties, other Designated Persons, including but not limited to the reporters, and experts who have signed an undertaking and are qualified to have access to CONFIDENTIAL MATERIALS in accordance with paragraph 6.

b. The portions of the transcripts of depositions designated in accordance with paragraph 9(a) shall be treated as CONFIDENTIAL MATERIALS in accordance with this Protective order.

c. No copy of any transcript of any deposition taken by any party which contains any portion designated as containing CONFIDENTIAL MATERIALS shall be furnished by the reporter to any person other than to the deponent or counsel for the parties. Counsel may submit any portion of any deposition transcript to the Court under seal. Neither the original nor any copy of any transcript of any such deposition shall be filed with the Court until counsel for the parties have designated those portions, if any, of the transcripts regarded as CONFIDENTIAL MATERIALS. Such designation shall take place within fifteen (15) days, or such other period as the parties may agree, after counsel for the party requesting such treatment has received a copy of the transcript.

10. Nothing contained in this order shall prejudice the right of any party to use CONFIDENTIAL MATERIALS in the course of this matter, including briefing, provided that such use shall be made only under conditions that preserve the confidentiality of such information.

11. Nothing contained in this Order shall be construed to require production of such CONFIDENTIAL MATERIALS deemed by counsel possessing such confidential information to be privileged or otherwise protected from discovery.

12. After final termination of this matter, receiving outside counsel for each party may retain one copy of each item of CONFIDENTIAL MATERIALS for reference in the event of disputes over the use or dissemination of information designated confidential, and may retain documents, things, copies or samples to the extent that they include or reflect receiving attorneys' work product. With respect to any retained CONFIDENTIAL MATERIALS this Protective Order shall survive the final termination of this matter to the extent that the information in such CONFIDENTIAL MATERIALS is not or does not become known to the

public. After final termination of this matter, receiving counsel shall return all additional copies and samples of CONFIDENTIAL MATERIALS in his possession, custody, or control to counsel for the party who has provided them in discovery or certify destruction thereof.

13. a. No party shall make use of any CONFIDENTIAL MATERIALS obtained from the other party pursuant to discovery in this matter, other than for purposes of this matter, without further order of the Court or agreement between the parties.

b. This Protective Order does not prohibit the use or disclosure of information obtained by a party from a source other than the opposing party, even if such information is additionally contained in materials provided by the opposing party and designated as CONFIDENTIAL MATERIALS under this Order. Where such information is obtained from another source and is additionally contained in materials designated as CONFIDENTIAL MATERIALS herein, however, the materials provided by the opposing party and marked as CONFIDENTIAL MATERIALS shall be maintained as confidential, although the particular information contained therein which was independently obtained from such other source may be disclosed or used. Except for that which is subject to any prior agreements between the parties, the restrictions on use and disclosure set forth herein shall not apply to information that, prior to being obtained pursuant to discovery in this action, either is in the possession or knowledge of the party obtaining such information or is demonstrable public knowledge. The restrictions, use and disclosure set forth herein shall not apply to information that after being obtained, becomes demonstrably public knowledge other than by act or omission by the party obtaining such information.

14. This Protective Order in no way alters the obligations of the parties set forth in the confidentiality provisions of any prior agreements between the parties, except that the parties agree that it is not a violation of those confidentiality provisions to disclose subject matter covered by those confidentiality provision in conjunction with this matter, if and only if, such disclosure is made pursuant to the provisions and restrictions of paragraphs 2, 3, 4, 5, and 6 of this Protective Order.

BY THE COURT:

Dated: Aug 2, 2002 ______________________

Magistrate Judge of District Court

BERNICK AND LIFSON, P.A.

Dated: July 26, 2002 ______________________ By: ______________________
George E. Warner, Jr. ID #222719
Saul A. Bernick ID #7778
Suite 1200, The Colonnade
5500 Wayzata Boulevard
Minneapolis, MN 55416
(763) 546-1200

Attorneys for Plaintiff

KRASS MONROE, P.A.

Dated: July 23, 2002 ______________________ By: ______________________
Phillip R. Krass ID #58081
1100 Southpoint Office Center
1650 West 82nd Street
Bloomington, MN 55431-1447
(952) 885-5999

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.